ROBERT NAVARETTE V. THE STATE.

No. 9969.     Delivered March 10, 1926.

**Theft—Evidence—Held Insufficient.**

> Where, on a trial for theft, the State's case rested solely on the testimony of an officer who found one Garcia in possession of the stolen property, appellant being with Garcia at the time, and on a statement that the officer testified that Garcia made after the arrest of both he and the appellant, that he got the box on Texas street and that appellant told him to get it. On the trial Garcia denied making the statement and testified that he alone committed the theft and that appellant was not present, and had no connection with it. Because we believe that this testimony does not justify the conclusion of guilt the cause is reversed and remanded.

Appeal from the District Court of El Paso County. Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction of theft, penalty two years in the penitentiary.

The opinion states the case.

*N. D. Meyer* of El Paso, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of El Paso County of theft; punishment at two years in the penitentiary.

Appellant and one Garcia were jointly indicted for felony theft. Property was taken from a car while its owner was in a cafe. His first knowledge of its loss was when an officer brought appellant and Garcia to said car. The State's case rests on the testimony of said officer, said owner and his wife, the latter two only testifying as to the identity of their property and its value. The officer testified that he saw the defendants on a certain street, Garcia having a box of

stuff in his hand. He said, "They seemed to be looking and watching"; that both men were going south; when they got about half-way down the next block Garcia set the box down and got behind a post, and appellant "stands back this way," and witness walked up and said, "Where did you get this?" and picked up the box. Appellant said, "It is not mine." Witness further swore that Garcia said he got it on Texas Street, but that appellant told him to get it; that Garcia showed him the car from which he got the box.

For the defense Garcia swore that he got the box and that appellant was not present and had nothing to do with the transaction. He said he was not sent by appellant to get the box, and if the officer so understood him to state, he was mistaken. He said he was going down the street and appellant came by about the time the officer came up and arrested the two of them. Appellant took the stand and said he knew nothing of the theft—was not on Texas Street, did not tell Garcia to take the box, that he had been looking for work and was on the street and saw Garcia, and that they waved to each other, and about this time the officer came up and arrested both of them. On cross-examination he admitted that he had been found guilty of burglary, had a charge of theft against him, and had been in the Federal penitentiary.

As far as appellant is concerned this case rests wholly on the fact that he was going along with the thief on the street some blocks from where the box had been taken, and that to the officer they seemed to be "looking and watching"; and that the other man said that appellant "sent me to get it." The statement of Garcia to the officer, even if correctly understood by the latter, was hearsay and of no binding force on appellant, who was then legally under arrest and therefore not called on to reply, if, in fact, he heard the statement. We cannot lend our sanction to a verdict having such slight support in testimony. When arrested appellant denied connection with the box, and the only things remotely tending to connect him with it are the facts above stated. The two defendants were Mexicans and spoke only fair English. Garcia promptly admitted his guilt to the officer and showed him where he got the box. He freely and frankly testified on this trial that appellant had nothing to do with the taking. It appears a case of old dog Tray and of the probable conclusion on the part of the jury that one who admitted his conviction of other crimes would likely be guilty in this case. Appellant's admission of his connection with other crimes could

only be considered as affecting his credibility and not as a circumstance of guilt.

Because we believe the evidence does not justify the conclusion of guilt, the judgment is reversed and the cause remanded.

*Reversed and remanded.*